UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTROL TECHNOLOGY & SOLUTIONS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:21-cv-686-MTS<br>) |
| OMNI ENERGY PARTNERS, LLC, *et al.*, | )<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Remand, Doc. [17]. Plaintiff Control Technology & Solutions, LLC originally filed their petition in the Circuit Court for the County of St. Louis, Missouri, Doc [3]. Defendants removed this case by invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331. Doc. [1]. Plaintiff timely moved to remand the case back to state court, *see* 28 U.S.C. § 1447(c), arguing the Court lacks subject matter jurisdiction because no federal question remains. Doc. [17] ¶ 7. For the reasons that follow, the Court denies Plaintiff's Motion.

**I.    BACKGROUND**

This case arises from allegations that Defendants Omni Energy Partners, LLC, Mark Graves, Scott Graves, Jim Thurman, Brandon Little, and Ryan Moats (collectively, "Defendants") copied Plaintiff's materials and work and distributed them to third parties to the detriment of Plaintiff.

On May 21, 2021, Plaintiff filed a nine-count Complaint in state court asserting: (1) Trade Secret Misappropriation in Violation of the Missouri Uniform Trade Secret Act (Count I); (2) Missouri Common Law Unfair Competition (Count II); (3) Unjust Enrichment (Count III); (4)

1

Tortious Interference with Business Expectancy (Count V (sic)); (5) Breach of Duty of Loyalty (Count VI); (6) Injurious Falsehood (Count VII); (7) Common Law Copyright Infringement (Count VIII); (8) Conspiracy (Count IX); and (9) Temporary Restraining Order and Preliminary and Permanent Injunction (Count X). Doc. [3]. On June 14, 2021, Defendants timely removed the action to this Court based on federal question jurisdiction arguing that removal is appropriate because the Copyright Act preempted and/or served as the basis of Plaintiff's Count XIII (common law copyright infringement). Doc. [1]. On June 21, 2021, Defendants filed their Answer. Doc. [11]. On September 1, 2021, Plaintiff filed a Notice of Dismissal seeking to voluntarily dismiss Count VIII pursuant to Fed. R. Civ. P. 41(a)(1)(A). Doc. [16]. The next day, Plaintiff timely filed the instant Motion, Doc. [17], opposing removal on the basis that federal question jurisdiction does not exist because the remaining eight claims are solely related to state matters without the presence of a federal claim.

**II.     LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Myers v. Richland Co.*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256 (quoting *Kokkonen*, 511 U.S. at 377). A party may remove an action to federal court only if it could have been brought in federal court originally. *Junk v. Terminix Int'l Co*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1441(a)-(b)). "[A] case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiffs complaint." *Kaufman v. Boone Ctr., Inc.*, No. 4:11-cv-286-CDP, 2011 WL 1564052, at *1 (E.D. Mo. Apr. 25, 2011). A plaintiff may move to remand the case if the district court lacks subject matter jurisdiction. *Junk*, 628 F.3d at 444 (citing 28 U.S.C.

§ 1447(c)). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

**III.   DISCUSSION**

Plaintiff filed a Notice of Voluntary Dismissal of Count VIII (Common Law Copyright Infringement) more than 21 days after Defendants filed their Answer, thus, Plaintiff's dismissal is not effective without leave of court. *See* Fed. R. Civ. P. 15(a)(1)–(2).[1] Even if the Court grants Plaintiff leave to amend,[2] the Court will assess whether removal was proper as if Count VIII was never dismissed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that removal jurisdiction must be determined based on the pleadings as they existed at the time of removal). And because, for purposes of removal, Plaintiff's common law copyright claim has not been dismissed, this Court retains federal question jurisdiction because federal courts have exclusive jurisdiction over copyright claims — whether federal, common law, or state-based claims. *See* 17 U.S.C. § 301(a) (preempting state law claims that are "equivalent to any of the exclusive rights within the general scope of copyright [and that] . . . no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State"); *see also* 28 U.S.C. § 1338 (giving federal courts original jurisdiction of a civil action arising under any Act of Congress relating to patents, copyrights, and trademarks). Thus, Plaintiff's action could have originally been brought in federal court and removal was proper. *Junk*, 628 F.3d at 444. Accordingly, the Court has subject matter jurisdiction over Plaintiff's action.[3]

---

[1] The Court acknowledges that Plaintiff moved to dismiss Count VIII pursuant to Fed. R. Civ. P. 41(a)(1)(A), rather than Fed. R. Civ. P. 15. Without discussing which Rule is correct under the circumstances, the result is the same under both: Plaintiff failed to timely dismiss Count VIII without necessitating the Court's permission.

[2] Plaintiff states "[t]o the extent the Court should treat the Notice of Dismissal as a Motion for Voluntary Dismissal, Plaintiff requests that it should be treated as such for the sake of judicial economy." Doc. [23] at 2.

[3] The other eight claims, although state-based, are properly in federal court because of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). This is not disputed by the parties. Doc. [18] at 2.

## CONCLUSION

Because Plaintiff's Complaint at the time of removal could have been brought in federal court, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, Doc. [17], is **DENIED**.

Dated this 10th day of November, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE